# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MERCHANTS & MARINE BANK | CIVIL ACTION NO.: |
| **Plaintiff,** | ___-_____ |
| v. | |
| WHOLESALE SOLUTIONS, INC. AND CHAD POSTLE | |
| **Defendants.** | |

## COMPLAINT

COMES NOW, Plaintiff Merchants & Marine Bank ("M&M Bank") or "Lender"), and files this Complaint against Defendants Wholesale Solutions, Inc. and Chad Postle (collectively "Defendants") stating as follows:

## PARTIES

1. Plaintiff Merchants & Marine Bank is a Mississippi banking corporation with its principal place of business located at 3118 Pascagoula Street, Pascagoula, Jackson County, Mississippi. For purposes of this Court's analysis of diversity in this matter and to satisfy the requirements in 28 U.S.C. § 1332, M&M Bank is a citizen of Mississippi, as it is incorporated in Mississippi and has its principal place of business in Mississippi.

2. Defendant Wholesale Solutions, Inc. is an Alabama corporation with its principal place of business located in Loxley, Baldwin County, Alabama. For

purposes of this Court's analysis of diversity in this matter and to satisfy the requirements in 28 U.S.C. § 1332, Defendant is a citizen of Alabama, as it is incorporated in Alabama and has its principal place of business in Alabama.

3.      Defendant Chad Postle is an adult resident citizen of Fairhope, Baldwin County, Alabama. For purposes of this Court's analysis of diversity in this matter and to satisfy the requirements in 28 U.S.C. § 1332, Defendant is a citizen of Alabama.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the collateral securing the Loan was located within Baldwin County, Alabama, and the Defendants are subject to personal jurisdiction in this district.

## BACKGROUND

6.      On February 27, 2024, Chad Postle as President of Defendant Wholesale Solutions, Inc. entered that certain Business Loan Agreement by and between Wholesale Solutions, Inc. (the "<u>Borrower</u>") and Lender (the "<u>Loan Agreement</u>") in the principal amount of Two Million Five Hundred Thousand

Dollars and Zero Cents ($2,500,000.00), bearing Loan No. 3732465 (the "Loan"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

7. On February 27, 2024, Chad Postle as President of Defendant Wholesale Solutions, Inc. executed that certain Promissory Note (the "Note") in favor of M&M Bank in the principal amount of Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00), bearing Loan No. 3732465, with said Note maturing on February 27, 2025. A true and correct copy of the Note is attached hereto as **Exhibit B**.

8. In connection with the Loan, Borrower executed and delivered to and for the benefit of Lender that certain Commercial Security Agreement dated February 27, 2024 (the "Security Agreement"), by which Borrower granted to Lender a security interest in "all inventory held for ultimate sale or lease" among other things (together the "Collateral"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit C**.

9. On February 27, 2024, to induce Lender to extend the Loan and in order to secure the Indebtedness evidenced by the February 27, 2024 Note, Defendant Chad Postle executed that certain continuing, unlimited Commercial Guaranty of the Loan in favor of M&M Bank (the "C. Postle Guaranty"). A true and correct copy of the C. Postle Guaranty is attached hereto as **Exhibit D**.

10. The Loan Agreement, Note, Security Agreement, and C. Postle Guaranty, true copies of which are attached to this Complaint as Exhibits A-D, together with any other agreements and instruments entered into and/or executed in connection with the Loan, are hereinafter collectively referred to as the "<u>Loan Documents</u>."

11. Pursuant to the terms of the Loan Documents, M&M Bank agreed to provide financing to Borrower for the purchase of vehicle inventory, and Borrower agreed, among other things, to repay certain loan amounts upon the sale of each vehicle.

12. Pursuant to the terms of the Loan Documents, M&M Bank advanced funds under the Loan to Borrower for the purchase of vehicle inventory upon receipt of physical possession of certificates of title to the vehicle inventory.

13. Pursuant to the Loan Documents, Borrower promised that "all proceeds from any disposition of Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; . . . . Upon receipt, Grantor shall immediately deliver any such proceeds to Lender."

14. Upon receipt of the sale proceeds for disposition of an item of vehicle inventory, M&M Bank would deliver possession of the title to the sold vehicle to the Borrower.

15. M&M Bank performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Loan Documents.

16. Borrower defaulted and breached the Loan Documents by, among other things, failing to make payment when due, failing to hold proceeds from the disposition of items of Collateral in trust for Lender, and failing to immediately deliver such proceeds to Lender.

17. By correspondence dated August 6, 2024 (the "Default Notice"), M&M Bank gave notice of default(s) to the Defendants due to the failure of Borrower to timely disclose all material adverse changes in Borrower's financial condition, and due to Borrower's failure to hold in trust for Lender all proceeds from disposition of the Collateral securing the Loan. A true and correct copy of the Default Notice is attached hereto as **Exhibit E**.

18. The Default Notice gave the Borrower and Guarantor notice that the Loan and the Indebtedness owed under the Loan Documents had been accelerated and demanded immediate payment in full of all amounts due and owing from Defendants.

19. The Borrower and Guarantor failed to remit payment of the Indebtedness owed under the Loan Documents.

20. Interest, fees, and other charges and expenses continue to accrue daily.

21. Interest continues to accrue daily in the amount of $373.61 per diem as of February 7, 2025. *See* Ex. B, at p. 1, "Variable Interest Rate."

22. Additionally, Lender has incurred and continues to incur attorneys' fees, costs, and expenses which become a part of the Indebtedness and are owed by Defendants pursuant to the Loan Documents. *See* Ex. B, at p. 2, "Attorneys' Fees and Expenses."

23. M&M Bank is entitled to payment from Defendants of all costs and expenses including, but not limited to, reasonable attorney's fees incurred in enforcing the Lender's rights under the Loan Documents. *See* Ex. B, at p. 2, "Attorneys' Fees and Expenses."

24. As of February 7, 2025, the amount due and owing to the Lender is no less than One Million Six Hundred and Ninety-Two Thousand Six Hundred and Fifty-Three Dollars and Thirty-Seven Cents ($1,692,653.37), consisting of unpaid principal, accrued unpaid interest, fees and costs, plus all amounts incurred and to be incurred by Lender in fees, costs, interest, and expenses related to the Loan and/or collateral securing same.

COUNT I – DEFAULT AND BREACH OF PERSONAL
GUARANTY AGAINST CHAD POSTLE

25. Plaintiff incorporates by reference the allegations set forth above, as if fully set forth herein.

26. The C. Postle Guaranty constitutes a valid and binding contract between M&M Bank and Chad Postle ("Guarantor") relating to the Indebtedness of Defendant Wholesale Solutions, Inc.

27. M&M Bank has fully performed its obligations under the Loan Documents including the C. Postle Guaranty.

28. Guarantor has breached the terms of the C. Postle Guaranty by failing to satisfy his obligations relating to the Indebtedness of Borrower and Defendant Chad Postle after such obligations came due and owing.

29. Plaintiff has been damaged by Guarantor's nonperformance under the C. Postle Guaranty.

30. The Plaintiff M&M Bank claims the sum of no less than $1,692,653.37 in principal, plus interest, costs, and fees from Guarantor as a consequence of his failure to satisfy the debt he personally guaranteed following the Borrower's default on the Loan.

WHEREFORE, Plaintiff demands judgment against Defendant Chad Postle in an amount to be calculated as of the date of entering judgment, to include all unpaid principal, accrued interest, late fees, attorneys' fees, expenses, pre-petition interest, post-petition interest, and costs of court, and any other amounts called for under the terms of the C. Postle Guaranty.

## COUNT II –BREACH OF CONTRACT AGAINST WHOLESALE SOLUTIONS, INC.

31.  Plaintiff incorporates by reference the allegations set forth above, as if fully set forth herein.

32.  The February 27, 2024 Note executed by Chad Postle as President of Defendant Wholesale Solutions, Inc. is a valid and binding contract between Lender and Borrower.

33.  Lender has fully performed its obligations under the Loan Documents including the Note.

34.  Borrower has breached the terms of the February 27, 2024 Note by failing to timely disclose all material adverse changes in Borrower's financial condition, failing to hold in trust for Lender all proceeds from disposition of the Collateral securing the Loan, failing to remit proceeds from disposition of Collateral to Lender, and failing to satisfy its obligations relating to the Indebtedness of Wholesale Solutions, Inc. when due and owing.

35.  Plaintiff has been damaged by Borrower's nonperformance under the February 27, 2024 Note.

36.  The Plaintiff M&M Bank claims the sum of no less than $1,692,653.37 in principal, plus interest, costs, and fees from Defendant Wholesale Solutions, Inc. as a consequence of its breaches stated herein and failure to make payments when due and owing.

PD.47106419.1

WHEREFORE, Plaintiff demands judgment against Defendant Wholesale Solutions, Inc. in an amount to be calculated as of the date of entering judgment, to include all unpaid principal, accrued interest, late fees, attorneys' fees, expenses, pre-petition interest, post-petition interest, costs of court, and any other amount called for under the terms of the Loan Documents.

        Respectfully submitted,

        **MERCHANTS & MARINE BANK**

        */s/ Danielle Mashburn Myrick*
        Danielle Mashburn-Myrick,
        (ASB-6798-F33F)

**OF COUNSEL**:

PHELPS DUNBAR LLP
101 Dauphin Street
Suite 1000
Post Office Box 2727
Mobile, AL   36652
(251) 432-4481
(251) 433-1820
danielle.mashburn-myrick@phelps.com

**THE DEFENDANTS MAY BE SERVED BY PROCESS SERVER AT:**

Wholesale Solutions, LLC
1051 S. Hickory St.
Loxley, AL 36551-4593

Chad Postle
1051 S. Hickory St.
Loxley, AL 36551-4593

Chad Postle
23920 Main Street
Fairhope, AL 36532

PD.47106419.1